UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NOEL ROMAN GIMENO,<br><br>　　　　Defendant. | Case Nos. CR-S-00-0018-KJD-RJJ<br>　　　　　　CV-S-03-910-KJD-RJJ<br><br>**ORDER** |

　　　　Presently before the Court is Movant Noel Roman Gimeno's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#127/129). The Government filed a response in opposition (#142). Also before the Court are Defendant's Motions to Clarify (#126), to Exceed Page Limits (#130), and for *In Forma Pauperis* Status ( #131). Defendant's Motion to Exceed Page Limits (#130) is granted. Defendant's Motions (#126/131) are denied as moot.

**I. Background**

　　　　Gimeno was first indicted on January 19, 2000 on two counts: (1) Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 846; and (2) Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). At his trial, Gimeno pled guilty to both counts and was sentenced to 140 months imprisonment, 4 years supervised release, and a $200

assessment.

Gimeno filed a direct appeal on February 8, 2001, appealing his 140-month sentence. The Court of Appeals affirmed the District Court's judgment on July 29, 2002. Gimeno filed this § 2255 motion on July 30, 2003, attacking his sentence.

**II. § 2255 Motions**

Gimeno's § 2255 consists of several claims: (1) that he was sentenced using an incorrect version of the Sentencing Guidelines; (2) that the sentence of imprisonment was incorrectly calculated because the sentencing court found that his prior convictions qualified him as a career offender; (3) that the Government sentenced him based incorrectly on a career offender level 34 when the base level was limited to level 32; (4) that his sentence of supervised release should be amended under the new rule of constitutional law announced by Apprendi; (5) that his indictment was insufficient to sustain a conspiracy conviction; (6) that his guilty plea was not knowing and voluntary;  (7) that defense counsel rendered ineffective assistance in failing to advance these first six claims, in failing to assert the Court lacked jurisdiction, and for advising Gimeno to waive his right to appeal; and (8) that his appellate counsel provided ineffective assistance by failing to communicate with him and raise meritorious issues on appeal.

The general rule is that a writ of habeus corpus or a § 2255 motion will not be allowed to be a recapitulation or substitute for an appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994); Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994).  If a movant failed to raise on appeal the claims now at issue in the § 2255 motion, review is even more limited.  Non-constitutional and non-jurisdictional claims that could have been raised on appeal, but were not, may not be asserted in a § 2255 motion. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); see, e.g., United States v. Schlesinger, 49 F.3d 483, 484-86 (9th Cir. 1994) (concluding that non-constitutional, sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255).

In contrast, constitutional claims cannot be denied solely on the ground that the movant failed to raise them in his direct appeal. See Davis v. United States, 417 U.S. 333, 345 n.15 (1974). Where a movant fails to raise his constitutional claims on direct review, a § 2255 motion is available but only if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged violation or "actual innocence." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).

A § 2255 movant can ordinarily establish "cause" by demonstrating counsel rendered ineffective assistance. See Cole v. Thompson, 501 U.S. 722, 753-54 (1991). However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence, or deliberate strategy. See id. at 752. To show "prejudice," the movant must demonstrate that the alleged errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. See Frady, 456 U.S. at 170. To establish "actual innocence," the movant must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. See Bousley, 523 U.S. at 623. "Actual innocence" means factual innocence and not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992).

Finally, review under § 2255 is not available as to claims previously rejected on their merits on direct appeal. See Kaufman v. United States, 349 U.S. 217, 227 n.8 (1969), overruled on other grounds by Stone v. Powell, 428 U.S. 465 (1976); Daniels, 26 F.3d at 711-12; Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993). Exception to the "previously determined rule includes cases where there is an intervening change in the law or newly discovered evidence. See Davis, 417 U.S. at 342; Underwood, 15 F.3d at 18.

**III. Analysis**

    **A. Incorrect Version of Sentencing Guidelines**

Gimeno contends that he should have been sentenced using the 2001 edition of the United States Sentencing Commission Guidelines Manual. Gimeno also argues that the Court used the 1998

3

edition, even though his Plea Agreement stipulated to the use of the 1997 edition.  Gimeno argues that these discrepancies are plain error.  However, Gimeno did not raise an objection at his sentencing or on direct appeal.  A claim not raised at sentencing or on direct appeal is procedurally defaulted and cannot be heard on collateral review.  See United States v. Frady, 456 U.S. 152, 170 (1982).  To overcome this defect, Gimeno must show both cause and prejudice.  However, Gimeno cannot show prejudice, because, by his own admission, no difference resulted in his sentence from the use of the 1998 Guidelines Manual.  Therefore, the Court rejects Gimeno's arguments for re-sentencing based on use of an incorrect version of the Sentencing Guidelines.

**B.  Career Offender Convictions**

Gimeno next claims that his sentence of imprisonment was incorrectly calculated because the sentencing court deemed him a career offender.  However, the Ninth Circuit, on direct appeal, already rejected Gimeno's claim that he is ineligible as a career offender.  United States v. Gimeno, 43 Fed. Appx. 62 (2002).  The Court of Appeals held that Gimeno was properly sentenced as a career offender because his two prior convictions were separated by an intervening arrest and are thus unrelated.  Id at 62.  Since review under § 2255 is not available to claims that have been previously rejected on their merits on direct appeal, this claim is moot.  See Kaufman v. United States, 394 U.S. 217, 227 n.8 (1969), overruled on other grounds by Stone v. Powell, 428 U.S. 465 (1976); Daniels v. United States, 26 F.3d 706, 711-712 (7th Cir. 1994); Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993).

**C.  Base Offense Level**

Gimeno asserts in his third claim that even if he did qualify as a career offender, the base offense level under the U.S. Sentencing Guidelines §4B1.1 table is limited to level 32, whereas the Court sentenced him based on level 34.  Gimeno did not raise this second claim on direct appeal.  In general, non-constitutional sentencing errors that have not been raised on direct appeal have been waived and may not be reviewed by way of 28 U.S.C. § 2255.  United States v. Schlesinger, 49 F.3d 483, 484-86 (9th Cir. 1994).

However, even if Gimeno's claim that it was error for the Court to sentence him based on an offense level 34 was not procedurally defaulted, his argument is still invalid.  For purposes of the career offender guideline, the "Offense Statutory Maximum" is defined to include the maximum term of imprisonment authorized for conviction *as well as* any increase in that maximum term under a sentencing enhancement provision applicable because of defendant's criminal record. U.S. Sentencing Guidelines Manual § 4B1.1, app. n.2 (2001). 21 U.S.C. § 841(b)(1)(c), under which Gimeno claims punishment was proper, sets a maximum penalty of 20 years imprisonment. However, this statutory maximum term is increased to 30 years when the defendant has a qualifying prior conviction. U.S. Sentencing Guidelines Manual § 4B1.1, app. n.2 (2001).  Because Gimeno had two prior state drug convictions, the penalty under § 841(b)(1)(c) could properly be enhanced to a maximum of 30 years imprisonment, which would coincide with a base offense level 34.  Gimeno argues that United States v. Rogers states there is no penalty enhancement under § 841(b)(1)(c) and so the maximum allowable sentence under § 841(b)(1)(c) is twenty years, limiting the offender level to 32. 228 F.3d 1318 (11th Cir. 2000).  However, Gimeno misquotes the case.  Rogers actually affirms that § 841(b)(1)(c) provides for a prior conviction enhancement of punishment up to 30 years imprisonment. Id. at 1328.  Therefore, sentencing Gimeno based on a career offender guideline level 34 was not in error.

Gimeno also alleges defense counsel rendered ineffective assistance because counsel did not raise this second claim on appeal.  The Supreme Court set out a two-pronged test to prove ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).  To make a showing of ineffective assistance of counsel, defendant must prove both (1) counsel did not provide reasonably effective assistance, and (2) this deficiency prejudiced the defense. Id. at 688.  Even if the first prong is satisfied and counsel did indeed make a professionally unreasonable error, there can be no claim of ineffective assistance if the error had no effect on the judgment. Id. at 692.

Assuming that defense counsel did make an unreasonable error in not asserting that the Court sentenced Gimeno based on an incorrect offender level, this error still did not affect the judgment.

First, the claim was shown above to be invalid; the judgment was not prejudiced by counsel's failure to assert an invalid claim. Second, the base offense level 32 carries a 25-year maximum sentence. But Gimeno was sentenced to 140 months, well below the statutory maximum of 25 years. The District Court's sentencing based on level 34 did not prejudice Gimeno because his actual sentence was within the statutory range of sentencing level 32. United States v. Antonakeas, 255 F.3d 714, 728 (9th Cir. 2001); United States v. Ross, 372 F.3d 1097, 1113 (9th Cir. 2004). Therefore, the Court did not err in sentencing Movant based on a career offender guideline level 34, counsel's failure to assert otherwise was not objectively unreasonable, and, even if it had been, it did not prejudice the defense. Gimeno's third claim is consequently denied.

### D. Apprendi

Gimeno's fourth claim asserts that the supervised release portion of his sentence is impacted by the new constitutional rule announced by Apprendi. Under Apprendi v. New Jersey, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 488-491 (2000). Gimeno claims the supervised release portion of his sentence exceeds the statutory maximum and the Court made a finding of drug quantity by a preponderance of the evidence rather than by Apprendi's required proof beyond a reasonable doubt. Gimeno further claims that the Court relied on 21 U.S.C. § 841(b)(1)(B), a provision which he argues is unconstitutional by relying on United States v. Buckland, 259 F.3d 1157 (9th Cir. 2001), rev'd en banc, 277 F.3d 1173 (9th Cir. 2002), amended by 289 F.3d 558 (9th Cir. 2002).

The 2001 case on which Gimeno bases his § 841(b)(1)(B) claim was reversed in 2002. The 9th Circuit held in United States v. Buckland, 289 F.3d 558 (9th Cir. 2002), that § 841(b) is *not* unconstitutional. This case also overruled United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000), which Gimeno relies on to supplement his § 841(b)(1)(B) claim.

Gimeno's claim that Apprendi may be invoked to amend the portion of his sentence imposing four years supervised release is misguided. First, Gimeno claims Apprendi should be

invoked since the Court made a finding of drug quantity by preponderance of the evidence and not by proof beyond a reasonable doubt. However, the drug quantity of 60.76 grams of cocaine base was included in the Indictment (#1), to which Gimeno pled guilty. Since Gimeno pled guilty to possessing 60.76 grams of cocaine base, he admitted to the drug quantity, and the court was not required to make a finding of fact.

Second, Apprendi applies when facts increase the criminal penalty beyond the statutory maximum. 120 S.Ct. 2348, 2362-2363 (2000). 21 U.S.C. § 841(b)(1)(C) requires a term of supervised release of "at least" three years. Gimeno invokes United States v. Meshak, 225 F.3d 556 (5th Cir. 2000), to assert that § 841(b)(1)(C) is in direct conflict with 18 U.S.C. § 3583(b)(2), which requires "not more than" three years of supervised release. However, § 841(b)(1)(C) was amended in 2002 after Meshak so that it now includes the phrase "Notwithstanding section 3583 of Title 18" before its requirement of at least 3 years of supervised release. Therefore, § 841(b)(1)(C) is controlling, Gimeno's four-year supervised release term does not exceed the statutory maximum, and Apprendi does not apply.

Finally, Apprendi's new constitutional rule of criminal procedure does not apply in the instant case via Teague's retroactivity rule. In Teague v. Lane, the Supreme Court held that new constitutional rules generally will not apply to those cases that have become final before the new rules were announced unless one of two exceptions applies. 489 U.S. 288, 290 (1989). A new rule should be applied retroactively if it (1) "places certain kinds of primary, private conduct beyond the power of the criminal law," or if it (2) "requires the observance of those procedures that are implicit in the concept of ordered liberty." Id. The Ninth Circuit held in 2002 that Apprendi, by requiring the jury to make drug quantity findings beyond a reasonable doubt, does not fit within either of Teague's two exceptions. United States v. Sanchez-Cervantes, 282 F.3d 664, 668 (9th Cir. 2002). Therefore, Movant's Apprendi claim is invalid.

Gimeno asserts that defense counsel and appellate counsel rendered ineffective assistance in failing to raise the Apprendi claim at sentencing, and then on direct appeal. Following the two-prong

7

test set out in Strickland, Movant must show counsel's alleged error in not raising the claim prejudiced the defense. 466 U.S. 668 (1984). However, the judgment was not affected by counsel's failure to raise the claim, since Apprendi does not apply to the instant case. Thus, Gimeno's claim of ineffective assistance of counsel is invalid.

### E.  Sufficiency of the Indictment

For the very first time in Gimeno's multiple pleadings, he claims that his indictment was insufficient to sustain a conspiracy conviction. Non-constitutional and non-jurisdictional claims that could have been raised on appeal, but were not, may not be asserted in a § 2255 motion. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); see, e.g., United States v. Schlesinger, 49 F.3d 483, 484-86 (9th Cir. 1994) (concluding that non-constitutional, sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255). Therefore, this claim is procedurally defaulted. However, even if it were a constitutional claim, Gimeno cannot establish either "cause" for the waiver or "actual prejudice" resulting from the alleged violation or "actual innocence." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982). In fact, Gimeno has not claimed actual innocence. Therefore, the Court denies Gimeno's motion on this claim, because it is procedurally defaulted, he has not established cause or prejudice, and the indictment sufficiently stated a claim for conspiracy.

### F.  Knowing and Voluntary Guilty Plea

Gimeno also claims for the first time that his guilty plea was not knowing or voluntary, because he did not understand the errors which he now complains of. "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988). Here, the Court has concluded on all claims raised by Gimeno that the advice he received from his counsel was withing the range of competence demanded of his defense attorney. Furthermore, the Court has entirely rejected all of the claims that he has raised. Therefore, the Court

cannot conclude that his guilty plea was not knowing or voluntary for the reasons that Gimeno states. Instead the transcript of his guilty plea reveals that Gimeno made a knowing and voluntary guilty plea.

### G. Other Claims

Gimeno concludes his § 2255 by alleging that defense counsel was ineffective in failing to plead that the District Court lacked jurisdiction to impose the supervised release sentence and for advising Gimeno to waive the right to appeal "guideline issues." Gimeno's assertion that the District Court lacked jurisdiction for the supervised release sentence is unsubstantiated. Nowhere in Gimeno's § 2255 does he set forth an argument backed by case-law and/or statutes to substantiate this claim. Consequently, Gimeno has not met his burden of showing both (1) counsel was unreasonable in failing to assert the jurisdictional claim, and (2) the jurisdictional issue affected the judgment. Therefore, Gimeno's claim of ineffective assistance of counsel on the jurisdictional issue is denied.

Assuming defense counsel's advice to Gimeno to waive his right to appeal "guideline issues" was professionally unreasonable, it would have made no difference in the judgment. Gimeno's claim of an incorrect application of the career offender guidelines has already been shown above to be unfounded and invalid. If Gimeno had the right to appeal on this claim, the claim would still be unfounded and the judgment would not be affected. Therefore, Gimeno's final claims of ineffective assistance of counsel would have had no affect on the Court's judgment.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant Noel Roman Gimeno's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, of Correct Sentence by a Person in Federal Custody (#127/129) is **DENIED**;

IT IS FURTHER ORDERED that Movant's Motion to Exceed Page Limits (#130) is **GRANTED**;

IT IS FURTHER ORDERED that Movant's Motion for Clarification (#126) is **DENIED as moot**;

IT IS FURTHER ORDERED that Movant's Motion for *In Forma Pauperis* Status ( #131) is **DENIED as moot**.

DATED this 17th day of August 2006.

_____
Kent J. Dawson
United States District Judge